NOV 10 2015

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MICHAEL AMON RACHAL            DOCKET NO. 15-CV-1921; SEC. P

VERSUS                        JUDGE DRELL

JONATHAN ROBERTS, ET AL.      MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Michael Amon Rachal filed the instant civil rights complaint (42 U.S.C. §1983) on June 18, 2015 [Doc. #1], and he was granted leave to proceed *in forma pauperis* on July 14, 2015 [Doc. #7]. According to his complaint, Plaintiff is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center, with several charges pending. He complains of an illegal search and seizure that resulted in his false imprisonment from November 7, 2013, through June 18, 2014. It appears that his present incarceration is the result of other charges brought since that time. He seeks one hundred thousand dollars in damages and the dismissal of criminal charges pending against him. He submitted an amended complaint on September 10, 2015. [Doc. #10]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on November 7, 2013, Officer Roy Lee with the City Police of Natchitoches, conducted an unconstitutional traffic stop of Plaintiff's vehicle. Plaintiff alleges that

Defendant Jonathan Roberts from the Natchitoches drug task force lied to Officer Lee about Plaintiff having an active warrant from probation and parole.  One of the defendants went to a residence, which was not the address registered with probation and parole. The officer had a "blank and insufficient search warrant that wasn't signed by the judge, but rubber stamped."  Plaintiff states that "no one was present at the house.... He stated 4 males live there and only one was arrested."

He alleges that he was detained from November 7, 2013, through June 18, 2014, and that the charges remain pending against him. He alleges that he suffered emotional pain and mental illness resulting from the arrest and false imprisonment. [Doc. #10]

### *Law and Analysis*

**1.   Illegal Search**

Plaintiff complains of an illegal search that took place on November 7, 2013. There is no federal statute of limitations for actions brought pursuant to §1983. Federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See Owens v. Okure, 488 U.S. 235, 236 (1989) (citing Wilson, 471 U.S. 261 (1985)); see also Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provisions, which is one year. See Elzy, 868 F.2d at 794. This

prescriptive period "commences to run from the day injury or damage is sustained." La.Civ.Code 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." Rodriguez, 963 F.2d at 803 (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had knowledge of the search on the date it occurred or shortly thereafter, on or about November 7, 2013. Thus, he had one year from that date within which to raise his illegal search claim. He did not raise the claim until well over one year later, after the limitations period had passed. His illegal search claim is prescribed.

## 2.    False Imprisonment

Plaintiff also raises a claim of false imprisonment. A Fourth Amendment claim premised on a claim of false imprisonment follows the same statute of limitation rules discussed above. Such an action accrues when the "victim" becomes held pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007). Plaintiff states that he was arrested on November 7, 2013, and the charges remain pending. He alleges that a probable cause hearing was conducted on an unspecified date, following the arrest of November

3

7, 2013. [Doc. #10, p.1]

According to Louisiana law, a probable cause determination should have been made within forty-eight hours of Plaintiff's arrest. La.C.Cr.P. Art. 230.2. Therefore, presumably a probable cause determination was made, at the latest, by November 9, 2013. Plaintiff's claim would have accrued on that date. Plaintiff would have had one year from that date within which to file his §1983 suit for false imprisonment.

Even if a probable cause determination was not timely made within forty-eight hours of Plaintiff's arrest, a finding of probable cause was made at a subsequent preliminary examination on March 7, 2014. [Doc. #11, p.2-5, Transcript] Thus, at the very latest, Plaintiff had one year from that date, or until March 7, 2015, within which to file a civil rights action alleging false imprisonment. Therefore, Plaintiff's false imprisonment claim is prescribed.

## 3.   Dismissal of Charges

To the extent that Plaintiff seeks the dismissal of the 2013 charges, his claim fails. Such a claim seeking the dismissal of charges is properly raised pursuant to 28 U.S.C. §2241, not §1983. Section 2241 applies to persons in custody awaiting trial who have not yet been convicted. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of November, 2015.

_____

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6